**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| JENNIFER S. COLE, on behalf of her Minor child R.G., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:25-cv-442-CCB-AZ |
| CITY OF WARSAW, WARSAW POLICE OFFICERS, and KOSCIUSKO COUNTY SHERIFF, | ) ) ) ) | |
| Defendants. | ) ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to File Second Amend [*sic*] Complaint [DE 28], filed on February 25, 2026. Defendants have not filed any response to the motion because as confirmed with the Court during a hearing on April 2, 2026, Plaintiff is no longer pursuing any claims against them. *See* DE 31. For the reasons discussed, however, the Court finds that Plaintiff's proposed amendment would be futile because it (1) brings claims that were previously dismissed by the Court as barred by the statute of limitations; (2) seeks to bring claims against new defendants which are likewise barred by the statute of limitations and which do not relate back under Rule 15(c) of the Federal Rules of Civil Procedure. Accordingly, and because Plaintiff is no longer pursuing claims against the current Defendants and the claims against the proposed new defendants are futile, the Court will further recommend that this case be dismissed.

## Background

This is a civil rights action which was first filed in Indiana state court on April 29, 2025, by Plaintiff Jennifer Cole on behalf of her minor child R.G. DE 5. Defendants timely removed the case to federal court, DE 1, and they then moved to dismiss the lawsuit, DE 8, 11, and Plaintiff moved to file a first amended complaint, DE 14. In other words, the pleadings in this case have been the subject of extensive motion practice and review by the Court.

On January 13, 2026, the Court issued a report and recommendation recommending that the presiding District Court Judge grant in part Defendants' motion to dismiss and grant in part Plaintiff's first motion for leave to file an amended complaint. DE 25; *Cole v. City of Warsaw*, No. 3:25-CV-442-CCB-AZ, 2026 WL 385054 (N.D. Ind. Jan. 13, 2026) ("*Cole I*"), *report and recommendation adopted sub nom. Cole v. Warsaw, City of*, No. 3:25-CV-442-CCB-AZ, 2026 WL 385986 (N.D. Ind. Feb. 11, 2026) ("*Cole II*"). That report fully summarizes the relevant factual allegations of this case and they will not be repeated here. But in short, Plaintiff alleges that law enforcement unlawfully used a flash bang device while executing a search warrant at a house where an 11-year-old boy (R.G.) was the only occupant. On February 11, 2026, the Court adopted the report in its entirety and Plaintiff was granted leave to file an amended complaint "which states Section 1983 excessive force and state law battery claims against the City of Warsaw and Kosciusko County Sheriff. However, Plaintiff Cole's proposed claims are barred by the statute of limitations." DE 27; *Cole II*, 2026 WL 385986 at *1.

Rather than filing an amended complaint as authorized by the Court's order, Plaintiff filed a second motion for leave to amend which seeks to fundamentally change this lawsuit. Plaintiff states in her motion that her proposed amendment is designed first "[t]o make clear that Plaintiff is seeking to represent the interest of herself (Jennifer S. Cole) as well as the interest of her minor child, 'R.G.'" DE 28 at ¶ 1. Second, she says it seeks to "identify Toney Schmucker of the Nappanee Police Department as the Defendant who threw the flash bang device which caused the property damage and injured the minor child." *Id.* at ¶ 2. As such, Plaintiff seeks to drop the City of Warsaw and Kosciusko County Sheriff as Defendants and replace them with Toney Schmucker and the Nappanee Police Department. *See* DE 28-1 (Pl.'s Proposed Am. Compl.). Plaintiff asserts that she learned of the identity of the officer (and that he was affiliated with a different police department) when her counsel spoke with counsel for the Kosciusko Sheriff's Department on February 24, 2026. DE 28 at ¶ 5. It is not clear whether there were any efforts prior to then to identify the officer or which police department he worked for. Defendants did not file a response to the motion because, as confirmed with the Court during a hearing on April 2, 2026, Plaintiff is no longer pursuing any claims against them. *See* DE 31.

## Discussion

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But this admittedly liberal standard is not without limits. The Court may deny an amendment when the claims it asserts are so legally deficient as to be futile. *See Villa v. City of*

3

*Chicago*, 924 F.2d 629, 632 (7th Cir. 1991). Futility can mean different things in this context, but the most common type of futility is when a claim would not survive a motion to dismiss. *See Nowlin v. Pritzker*, 34 F.4th 629, 635 (7th Cir. 2022) ("[W]hen the basis for denial is futility, we apply the legal sufficiency standard of Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim.") (quoting *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)); *Gandhi v. Sitara Cap. Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013) ("District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss."). To survive a motion to dismiss, a "complaint must contain allegations that collectively 'state a claim to relief that is plausible on its face.'" *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court will "accept all well-pleaded allegations of fact as true and draw all reasonable inferences in the plaintiffs' favor" in deciding whether it states a claim. *Alarm Detection Sys.*, 930 F.3d at 821.

The Court's futility analysis will focus on the statute of limitations, as it now bars all of the claims that Plaintiff seeks to bring on her own behalf and on behalf of her minor child R.G. "[A] motion to dismiss based on failure to comply with the statute of limitations should be granted only where 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). "In other words, the plaintiff must

4

affirmatively plead himself out of court; the complaint must plainly reveal that the action is untimely under the governing statute of limitations." *Id.* (cleaned up). As discussed below, Plaintiff has pleaded herself and R.G. out of court by waiting too long to identify the officer who allegedly violated their civil rights.

Section 1983 claims do not have their own statute of limitations. Instead, "[c]ourts look to the personal injury laws of the state in which the injury occurred to determine the length of the statute of limitations." *CBS Outdoor, Inc. v. Vill. of Plainfield, Ill.*, 959 F. Supp. 2d 1054, 1061 (N.D. Ill. 2013) (citing *Wallace v. Kato,* 549 U.S. 384, 387 (2007)). "Indiana's personal injury statute of limitations is two years." *Behav. Inst. of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (citing Ind. Code § 34–11–2–4). Thus, because the underlying facts of this lawsuit took place on May 23, 2023, *see* DE 5 at ¶ 5, the claims needed to be brought by May 23, 2025. The original lawsuit was filed on April 29, 2025, within that deadline; but the first complaint alleged claims against Defendants (the City of Warsaw, Warsaw Police Officers and Kosciusko County Sheriff) who are no longer being sued. *Id.*

First, Plaintiff's suggestion that her amended complaint is designed "to make clear," DE 28 at ¶ 1, that she is bringing claims on her own behalf is not well-taken as it ignores the Court's prior ruling on this very issue. In its report and recommendation, the Court explained why Plaintiff Cole's individual claims were barred by the statute of limitations when she first moved to add them in July 2025:

> [A]s to Plaintiff Jennifer Cole, who did not bring any claims of her own in the original lawsuit and only sought to be added as a

> Plaintiff when the [first] motion for leave to amend was filed on July 7, 2025, more than two years after the incident in question, Defendants are correct. Plaintiff Cole's proposed claims for property damage were not filed within two years of the underlying incident and are thus untimely.

DE 25 at 13-14; *Cole I*, 2026 WL385054 at *5. That recommendation was then adopted in full. DE 27; *Cole II*, 2026 WL 385986 at *1 ("Plaintiff Cole's proposed claims are barred by the statute of limitations."). Plaintiff did seek reconsideration of that ruling and the second motion for leave to amend fails to provide any grounds as to why that decision should be reconsidered. Plaintiff Cole's individual claims were barred then and they remain barred now. There is nothing more to make clear.

Second, as to the claims she brings on behalf of R.G. against the two new Defendants (Schmucker and the Nappanee Police Department), Plaintiff fails to make a sufficient showing that her proposed amended complaint relates back to her original pleading within the meaning of Rule 15(c) of the Federal Rules of Civil Procedure. In its report and recommendation, the Court did not address whether the proposed first amended complaint related back because the issue was not ripe at that time. The Court wrote:

> Because there are no proper individual defendants at this time, the Court need not engage in whether the allegations against these non-defendants relate back to the date of the original complaint. It would be premature for the Court to decide now *if* Plaintiff later learns the identity of individual law enforcement officers and adds them as defendants, whether those claims would relate back to the original date of filing within the meaning of Fed. R. Civ. P. 15(c). If or when that occurs, those defendants can raise statute of limitation and failure to relate back arguments, and the Court will address them at that time.

DE 25 at 13; *Cole I*, 2026 WL385054 at *5. But now that Plaintiff has identified an individual police officer who she seeks to hold liable for throwing the flash bang device, this issue can be addressed by the Court, even without the benefit of any briefing from any Defendant (prospective or otherwise).

Rule 15(c) contains the federal standard for the relation back of an amended complaint, and it explains in plain language the elements that must be met before one party may be swapped for another and still relate back to the date of the original filing. First, "the claim…asserted in the amended pleading" must "[arise] out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c). Second, the newly added party must "[receive] such notice of the action that it will not be prejudiced in defending on the merits." *Id.* Third, the newly added party must have known "or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." *Id.* The first two would appear met here, so the Court will focus on the third element, as it is clearly not met and is dispositive of the issue.

Plaintiff tautologically argues that Schmucker knew or should have known the action would have been brought against him "since he is the officer who threw the flash bang device which injured the minor child." DE 28 at ¶ 6. If that were all that were required for an amendment to relate back, the door would be open to sue anyone even after the statute of limitations had run so long as they are eventually identified, depriving would-be defendants of the benefit provided by any statute of limitations. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010) ("A prospective

defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose."). But this is not a situation where Plaintiff originally sued a specific officer believing he was responsible and then only later learned it was actually Officer Schmucker.

As previously explained, Plaintiff cannot avail herself of the fact that when she filed this lawsuit, she included several anonymous "John Doe" Defendants in her lawsuit as placeholders.[1] In the Court's prior report and recommendation (which was adopted in full), *see* DE 25 at 7; *Cole I*, 2026 WL385054 at \*3, it made clear that "it is pointless to include an anonymous defendant in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Id.* (quoting *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (cleaned up)). And while this Court's rulings are of course sufficient to bind Plaintiff, the Seventh Circuit reiterated this same point in a case decided just two days after the Court issued its report and recommendation (and so more than a month before Plaintiff filed her motion). The Seventh Circuit wrote:

> Rule 15(c)(1)(C)(ii) … allows an amendment adding a defendant to relate back to the filing date of the original complaint if the new defendant "knew or should have known that the action would have been brought against it, but for *a mistake concerning the proper party's identity*." Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added). But, as we have held elsewhere, ***a plaintiff's "conscious choice" to file a complaint against a John Doe even though it does not know the defendant's identity is not a "mistake" within the meaning of Rule 15(c)(1)(C)(ii)***.

---

[1] In her prior pleadings, Plaintiff identified these Defendants as "Warsaw Police Officers" and "Unknown Officers of the Kosciusko County Police Department." *See* DE 1, DE 14-1.

*LJM Partners, Ltd. v. Barclays Cap., Inc.*, 165 F.4th 552, 562–63 (7th Cir. 2026) (quoting *Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021)) (emphasis added). Like in *LJM Partners*, this is not a case of mistaken identity between two potential individuals, which would require more analysis before the Court could determine whether a mistake had been made. *See Krupski*, 560 U.S. at 549 ("We disagree, however, with respondent's position that any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake. The reasonableness of the mistake is not itself at issue."). This is a case of failure to identify *any* individual defendant within the applicable statute of limitations. That means Plaintiff cannot successfully meet the requirements of the relation back doctrine with regard to any individual defendant. Similarly, Plaintiff has not made any showing or argument as to why the three elements of the relation back doctrine would apply as to the Nappanee Police Department even if with regard to it, Plaintiff appears to have legitimately made a mistake as to which law enforcement agency was involved in the ordeal.

Finally, while all of the claims pled are barred by the statute of limitations because Plaintiff has not me the requirements of Rule 15(c), Plaintiff's proposed amended complaint suffers from another flaw which would render claims against the "Nappanee Police Department" futile for an entirely separate reason. The Nappanee Police Department is not an entity that can be sued under Indiana law. In *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011), the Seventh Circuit held that

9

Indiana police departments (but not Indiana sheriff's departments which are a distinct type of legal entity) cannot be sued under § 1983. That is because under Indiana law a "'municipal corporation' is a 'unit, ... or other separate local governmental entity that may sue and be sued,'" and the "statutory scheme does not grant municipal *police departments* the capacity to sue or be sued." *Id.* (citing Ind. Code § 36-1-2-10) (emphasis added). *See also Martin v. Fort Wayne Police Dep't*, 2010 WL 4876728, at *3 (N.D. Ind. 2010)). Thus, the Nappanee Police Department is not a legal entity that could be sued under Indiana law even if the statute of limitations had not run. So Plaintiff's claims against it are doubly futile.

## Conclusion

For the reasons discussed, the Court **DENIES** Plaintiff's Motion to File Second Amend [*sic*] Complaint [DE 28]. Furthermore, because Plaintiff has made clear she is no longer pursuing claims against any current Defendants and her claims against the proposed new defendants are futile, the Court **RECOMMENDS** that the presiding District Court Judge **DISMISS** this case.

So ORDERED this 18th day of May 2026.

*/s/ Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT